#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISA D. RYAN, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 09-CV-147-TCK-FHM |
| | ) |
| PHOENIX HEALTHCARE, LLC, and | ) |
| BUFORD NURSING CENTERS, INC., | ) |
| | ) |
|       **Defendants.** | ) |

#### OPINION AND ORDER

On October 22, 2009, the Court granted Plaintiff's unopposed motion to stay proceedings pending resolution of her voluntary Chapter 7 bankruptcy proceeding and stayed this litigation until the bankruptcy had been initially administered. On May 2, 2012, in an effort to remove stale cases from its docket, the Court ordered the parties to file a Joint Status Report informing the Court of the status of the bankruptcy proceeding. On May 9, 2012, in response to the Court's Order, Plaintiff first informed the Court that her bankruptcy proceeding was dismissed over two years ago on March 29, 2010. Plaintiff also informed the Court that she now desired to proceed with the litigation. Defendant objects to proceeding with the litigation at this time and filed a motion to dismiss for failure to prosecute.

A court has discretion to dismiss a matter with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In exercising its discretion, the Court must consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-52 (10th Cir. 2007). Dismissal is warranted "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* (internal quotation marks omitted).

The second and third factors weigh heavily in favor of dismissal. Plaintiff took no action from March 29, 2010 until May 9, 2012 to prosecute her case. Plaintiff failed to inform the Court of the completion of the bankruptcy proceeding or to move the Court to lift the stay. This failure interfered with the judicial process by causing the case to linger on the Court's docket indefinitely, forcing the Court to finally order a status report. Plaintiff's culpability was egregious due to the extraordinary length of time that elapsed and because Plaintiff only decided to "prosecute" her action after prompting by the Court. The first factor also weighs in favor of dismissal, as Defendant suffered prejudice by being deprived of the opportunity to bring "the matter to closure within a reasonable time." *Id.* at 1152. As to the fourth factor, the Court did not issue any explicit warnings to Plaintiff regarding the effect of a failure to timely inform the Court that the bankruptcy proceeding concluded. However, "such a warning is not a *sine qua non* for dismissal." *Id.* The Court finds that its stay order implicitly informed Plaintiff of the need to prosecute her action in a timely manner following the completion of the initial administration of her bankruptcy proceeding. Further, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation, certainly known to every competent attorney." *Id.*

This Court generally permits a plaintiff desiring to litigate her case to have an opportunity to do so, despite reasonable or excusable delays in prosecution. However, Plaintiff's dilatory conduct in this case resulted in an egregious delay in prosecution, and Plaintiff has offered no explanation for such delay. Therefore, Defendant's motion to dismiss for lack of prosecution (Doc.

30) is GRANTED, and this matter is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court will enter a separate judgment of dismissal.

DATED THIS 23rd day of July, 2012.

**TERENCE KERN**
**United States District Judge**